**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

GUILLERMO ANTONIO RODIL,
MIREYA P. RODIL,

Plaintiffs,

v. Case No.: 6:26-cv-02210-PGB-LHP

MIDLAND CREDIT
MANAGEMENT, INC., ASSET
ACCEPTANCE, LLC,

Defendants.

---

## ORDER

Before the Court is Plaintiffs' Omnibus Motion for Leave to Issue Non-Party Subpoena Duces Tecum and for Service by the United States Marshals Service. Doc. No. 41. By the motion, Plaintiffs, proceeding *pro* se, seek leave to serve non-party JPMorgan Chase Bank, N.A. ("JP Morgan") with a subpoena pursuant to Federal Rule of Civil Procedure 45, and request that such service be performed by the United States Marshals Service "at federal expense." *Id.* at 7. Upon consideration, the motion (Doc. No. 41) will be denied without prejudice.

First, the motion is premature. No parties have appeared, and discovery has not yet opened in this action. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). . . ."); Fed. R. Civ. P. 26(f) (setting forth the requirements and timing for a case

management conference). *See also Lookout Mountain Wild Animal Park, Inc. v. Stearns Zoological Rescue & Rehab Center*, No. 8:09–cv–2301–T–30EAJ, 2011 WL 13176226, at *1 (M.D. Fla. Apr. 13, 2011) ("Rule 45 subpoenas are generally considered discovery and are subject to the same deadlines that apply to all other methods of formal discovery"). And while the Court has discretion to permit limited discovery prior to the parties conducting their case management conference, such discretion usually requires a showing of good cause by the moving party. *See* Fed. R. Civ. P. 26(d)(1); *Hospitalists Mgmt. Grp., LLC v. Fla. Med. Affiliates, Inc.*, No. 2:14-cv-242-FtM-38, 2014 WL 2565675, at *1 (M.D. Fla. June 6, 2014).

Plaintiffs argue that JP Morgan has refused to comply with their prior requests for records, (Doc. No. 41, at 4-5), however that is not enough to establish good cause to permit early discovery. *See Halbig v. Lake Cnty., Fla.*, No. 5:22-cv-106-JA-PRL, 2023 WL 1394915, at *1 (M.D. Fla. Jan. 31, 2023) (claims that third-party was "obfusca[ting] and hid[ing] material evidence" failed to establish good cause for early discovery and service of non-party subpoenas (alterations in original) (citation and internal quotation marks omitted)); *Burns v. City of Alexander City*, No. 2:14-cv-350-MEF, 2014 WL 2440981, at *2 (M.D. Ala. May 30, 2014) (denying request to issue subpoenas prior to Rule 26(f) conference where plaintiffs provided no evidence that the requested records would become unavailable nor any reason why plaintiffs needed the records at such an early stage of the case).

Second, even if the requested subpoena was not premature, Plaintiffs have not properly supported their request that the United States Marshals Service serve any third-party subpoenas "at federal expense." Doc. No. 41, at 7. While the Court has found Plaintiffs to be paupers for purposes of waiving the initial filing fee, this does not automatically entitle them to service of subpoenas to third-parties during the discovery process. *See Ruiz v. Fletcher*, No. 20-14334-CV, 2021 WL 11705694, at *2 (S.D. Fla. Aug. 31, 2021) ("Plaintiff is advised that his *in forma pauperis* status does not entitle him to free services such . . . issuing subpoenas for the production of records from non-parties,. . . ."). *Cf. Lloyd v. McKendree*, 749 F.2d 705, 707 (11th Cir. 1985) ("The district court is required to issue subpoenas for indigent parties only in criminal proceedings, and in civil proceedings for a writ of habeas corpus or pursuant to 28 U.S.C. § 2255. Since this was not such a case, it was within the district court's discretion to deny the subpoena request.") (citations omitted).

For these reasons, Plaintiffs' motion (Doc. No. 41) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida on October 22, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Unrepresented Parties